IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO SAUNDERS, | : | Civil No. 3:22-CV-01924 |
| Plaintiff, | : | |
| v. | : | |
| DIAMOND PHARMACY SERVICES, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is an appeal by Plaintiff Antonia Saunders ("Plaintiff") from an order entered by Magistrate Judge Joseph F. Saporito, Jr. denying his motion to proceed *in forma pauperis* in the above captioned matter. (Docs. 9, 10.) The court construes the order entered by the Magistrate Judge as a report and recommendation and Plaintiff's appeal as an objection. The objection is overruled and the report and recommendation is adopted.

### PROCEDURAL HISTORY

Plaintiff, an inmate currently housed at State Correctional Institute in Dallas, Pennsylvania ("SCI-Dallas"), initiated this action in December of 2022 by filing a complaint against twenty defendants. (Doc. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* and a prisoner trust account statement. (Docs. 6, 7.) After reviewing the application and the statement, Magistrate Judge Saporito

1

entered an order on January 18, 2023 denying the motion to proceed *in forma pauperis*, stating as follows:

> Based on the certified inmate account statement, dated December 12, 2022, the relator had a starting balance of $4.94 available to his inmate account on June 1, 2022. In the subsequent six-month period ending December 1, 2022, Saunders received and deposited multiple "personal gifts" from someone named Caroline Blakely into his inmate account, totaling $1,390.00. Although the relator had an available balance of only $18.25 at the end of this six-month period – which ended shortly before he presented his complaint to prison officials for mailing on or about December 9, 2022 – this low balance appears to have been accomplished largely through frequent and substantial commissary purchases, photocopying fees, postage, and other discretionary charges or withdrawals.
>
> It is immaterial that the funds available during this time period may have been originally obtained from sporadic gifts or payments from outside sources. They were deposited into the relator's inmate account to be spent at his discretion. *United States v. Konrad*, 730 F.3d 343, 347 (3d Cir. 2013). Based on the certification and inmate account statement before the Court, the relator clearly had access to sufficient funds to pay the $350 filing fee and $50 administrative fee ordinarily applicable to civil actions. *See* U.S.C.A. § 1914 & note (District Court Miscellaneous Court Fee Schedule ¶ 14).

(Doc. 9, pp. 2–3.)[1]

Plaintiff promptly filed a notice of motion to appeal (which is construed as an objection) alleging that the court failed to acknowledge that of the $1,390.00 deposited into the account, $505.00 was deducted to pay the filing fee to an appellate court. (Doc. 10.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## DISCUSSION

### A. The Magistrate Judge's Order Is Construed as a Report and Recommendation.

A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291. *Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (per curiam). Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment. 28 U.S.C. § 636(c).

In this case, the Magistrate Judge had a referral by rotational assignment per Local Rule 73.1(d). However, he did not have the consent of the parties. Therefore, the court will construe this order, Doc. 9, as a report and recommendation. Since the court is construing the order as a report and recommendation, Plaintiff's notice of motion appeal, Doc. 10, is construed as timely filed objections pursuant to Local Rule 72.3.

### B. The Findings in the Order, Construed as a Report and Recommendation, Will Be Adopted.

Here, Plaintiff's objections include a general challenge to the Magistrate Judge's reliance on *United States v. Konrad* and the specific alleged oversight of the use of funds to cover court filing fees in a seperate action.

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the very least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Plaintiff's general objections to the Magistrate Judge's reliance on *United States v. Konrad* require only a review for clear error or manifest injustice. The court finds no such error and or injustice. Therefore, the court will not disturb the Magistrate Judge's reliance on the case.

Plaintiff's specific objection based on Judge Saporito failing to note that $505.00 was used to pay a filing fee in an appeals court is an objection that can be reviewed *de novo*. However, upon reviewing the prisoner account statement, the court finds that even absent the $505.00 used for filing fees, Plaintiff had control over a sufficient amount to cover the filing fee in the instant action.

Therefore, Plaintiff's objections will be overruled, and the Magistrate Judge's order, construed as a report and recommendation, will be adopted.

## CONCLUSION

**ACCORDINGLY**, on this 3rd day of March, 2023, **IT IS ORDERED THAT:**

1. Plaintiff's objections, Doc. 10, are **OVERRULED**.

2. The Magistrate Judge's order, Doc. 9, construed as a report and recommendation, is **AFFIRMED**.

3. Plaintiff's motion to proceed *in forma pauperis* in this action, Doc. 6, is **DENIED**.

4. Plaintiff has **thirty (30) days** from the date of this order to pay the filing fee and administrative fee in full or face the action being dismissed.

5. This action is referred back to Magistrate Judge Saporito for further proceedings.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania